UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ALEJANDRO ARMANDO LAZO
CALA,

        Petitioner,

v.                                Case No. 3:26-cv-1366-JEP-MCR

GARRETT RIPA, et al.,

        Respondents.

_____

## **ORDER**

1.     Petitioner's emergency motion for a temporary restraining order and expedited hearing (Doc. 2) is **DENIED** because he fails to demonstrate irreparable harm. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (recognizing that "the asserted irreparable injury must be neither remote nor speculative, but actual and imminent" (internal quotation marks and citations omitted)). Because Petitioner was detained within the Middle District of Florida when he filed this case, this Court would retain jurisdiction even if he is transferred. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal

authority to effectuate the prisoner's release."); *see, e.g.*, *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."). Moreover, insofar as Petitioner seeks not to preserve the status quo but to obtain the affirmative relief sought in the petition on an expedited basis, he cannot do so through a temporary restraining order. *See Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1983) (recognizing that temporary restraining orders are meant to "preserv[e] the status quo rather than grant[] most or all of the substantive relief requested in the complaint"). Nevertheless, the Court will enter the following expedited briefing schedule.

2.     The **Clerk of Court** shall send a copy of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **first-class mail** to the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530. All costs of service shall be advanced by the United States.

3.     Respondents, within **5 business days** from the date of this Order, shall respond to the Petition, and show cause why the Petition should not be granted.

4.     If Petitioner is removed from the United States or otherwise released from custody, Respondents must file a notice within **3 days** of Petitioner's change in custody.

5.     If Petitioner is not represented by counsel, Petitioner must keep the Court apprised of Petitioner's current mailing address at all times, including if Petitioner is released. If Petitioner fails to do so, the Court may dismiss the action.

6.     The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and, if more than one, submit a table of contents or index (with a title, description, and date of each document). The Court will strike and return any exhibits that do not comply with these requirements. If a party relies on a deposition, the entire transcript must be filed.

7.     After Respondents file a response, Petitioner shall have **3 business days** to file a reply to Respondents' response.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of May, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

4